UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

BENJAMIN PINCUS, individually,

    Plaintiff,

v.

PROCOLLECT, INC.,
a foreign corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATIONS OF THE TCPA AND FDCPA**

1.    This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act (TCPA) and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA). Plaintiff, Benjamin Pincus, alleges, *inter alia*, that Defendant, ProCollect, Inc., repeatedly and unlawfully placed calls to his cellular telephone in an attempt to collect an alleged consumer debt.

**JURISDICTION AND VENUE**

2.    This court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k. This action arises under federal statutes. *See Mims v. Arrow Financial Services, LLC,* 565 U.S. 181 (2012). Venue in this district is proper because

1

Defendant conducts business in this District, and the actions giving rise to this suit occurred within this District.

## PARTIES

3. Plaintiff, Benjamin Pincus, is a natural person and a citizen of the State of Florida residing in Palm Beach County. Said Plaintiff at all times relevant herein exercised dominion and control over the cellular telephone to which Defendant was calling.

4. Defendant, ProCollect, Inc. (ProCollect"), is a foreign corporation residing in Texas. Defendant's principal office is at 12170 Abrams Road, Suite 100, Dallas, Texas 75243. Defendant's registered agent for service of process in Florida is: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant is a debt collector within the scope of the FDCPA since it regularly engages in interstate commerce, using the mail and telephone in a business which regularly attempts to consumer debts allegedly owed to entities other than itself.

6. Defendant is registered as a "consumer collection agency" with the Florida Department of Financial Regulation. Under Fla. Stat. § 559.55(7): "'Consumer collection agency' means any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting

consumer debts, which debt collector or business is not expressly exempted as set forth in Fla. Stat. § 559.553(4)."

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

7.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

8.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when

> such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion,

Id. at § 12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§ 12-13. *See also, Mims*, 132 S.Ct. at 744. Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

9. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶ 10).

10. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

11. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

12. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶ 133.

13. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

5

14. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.,* 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

15. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

16. The FCC has stated that "an individual's provision of his or her cellular telephone number conveys express consent to receive autodialed or prerecorded calls by creditors or third party debt collectors only if . . . (1) the cellular 'number was provided by the consumer to the creditor,' and (2) the cellular 'number was produced during the transaction that resulted in the debt owed.'" FCC Amicus Brief, *Albert A. Nigro v. Mercantile Adjustment Bureau, LLC*, No. 13-1362 (2nd Cir. Ct. of App.), Filed: June 30, 2014.

17. The intended recipient of a call is not the "called party" within the scope of the TCPA. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014).

## FACTUAL ALLEGATIONS

18. This action arises from Defendant's attempts to collect an alleged debt. The alleged debt that Defendant was attempting to collect purportedly arises

6

from a residential lease agreement and is therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5).

19. During one-year period immediately preceding the filing of this Complaint, Defendant has sent multiple written communications and placed dozens of calls to Plaintiff's cellular telephone number (the "7827" number") in an effort to collect the aforementioned alleged debt.

20. At all times relevant hereto, Plaintiff maintained dominion and control over the 7827 number, which is his personal cellular telephone number.

21. As part of its collection efforts, Defendant left a series of pre-recorded messages in Plaintiff's voice mailbox. Each message was of substantially the following form:

> This is a personal business alert for Benjamin Pincus. If you are not Benjamin Pincus please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from ProCollect. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call 800-732-3799.

22. The telephone number 800-732-3799 is, in fact, ProCollect's telephone number.

23. The voice messages left on Plaintiff's voice message service featured a disjointed cadence and timbre which suggests that the body of the message was pre-recorded and had personal information inserted later.

7

24. Accordingly, and upon information and belief, Plaintiff alleges that the calls to his cellular telephone were made using an Automatic Telephone Dialing System. (See ¶¶ 11-13, *supra*).

25. At no point did plaintiff provide Defendant, or the original party in interest with respect to the alleged debt, with his cellular telephone number or with permission to call him using an ATDS or pre-recorded messages.

26. Notwithstanding the aforementioned fact, Plaintiff, on at least one occasion, instructed Defendant, *in writing*, to cease placing telephone calls to him. Undeterred, the calls continued.

27. Defendant's website advertises its use of "skip tracing"[1]:

**Internet Skip Trace Sites**
Every collector's computer is on-line with numerous skip-trace sites. This allows our collectors the ability to capture and locate new information on debtors, allowing better results and faster returns for our clients.

It is therefore reasonable to conclude that Defendant obtained Plaintiff's cellular telephone through some means of "skip tracing."

28. Defendant was provided with the names, phone numbers and email addresses of the managers of the subject apartment complex, as well as its parent company, each of whom stood ready to confirm that no debt existed.

---

[1] Source: https://procollect.com/our-technology.php (last accessed: 12/17/2014).

29. Despite having been provided with evidence that no debt existed, Defendant persisted in its collection efforts, including telephone calls, written payment demands, and reporting the nonexistent debt to credit reporting agencies, ostensibly, for no other reason than to harass and annoy the Plaintiff.

30. Defendant, in furtherance of its attempts to collect the nonexistent debt, and despite being in possession of evidence that no debt existed, falsely represented to the Plaintiff that, essentially, regardless the evidence, he nonetheless owed the debt.

31. Because the Defendant knew or should have known that no debt actually existed, the act of reporting to credit reporting agencies was undertaken for no other reason than to intentionally and maliciously attack Plaintiff's credit rating, to force his score down, and to cause him to incur additional expense when obtaining credit.

## COUNT I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

33. It is unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded

voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. See 47 U.S.C. § 227(b)(1)(A)(iii).

34.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or prerecorded and/or artificial voice; therefore, they were not legally permissible under any provision of the aforementioned statute.

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

b. $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    To the extent provided by law, attorney's fees, litigation expenses and costs of the instant suit, and:

    e.    Such other or further relief as the Court deems proper.

## COUNT II
### Violation of 15 U.S.C. § 1692d, d(5) and 15 U.S.C. § 1692f, generally.

35.    Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

36.    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. Such conduct includes, but is not limited to, causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. See 15 U.S.C. § 1692d(5).

37.    Generally, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. See 15 U.S.C. § 1692f.

38.    Defendant violated 15 U.S.C. § 1692d(5) by sending collection letters and placing intrusive robocalls to Plaintiff – calls which Congress has deemed a "nuisance" – despite knowing that no debt actually existed; for no other purpose than to harass and annoy the Plaintiff.

11

39. Moreover, the subject calls were illegal and in violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act.

40. In sum, by utilizing an illegal method to collect the alleged debt – *i.e.*, violating the TCPA – Defendant has also consequently violated both sections 15 U.S.C. § 1692d and 15 U.S.C. § 1692f of the FDCPA. *See generally, Clarke v. Weltman, Wienberg & Reis, Co., L.P.A.*, 10-60600-CIV-COHN, 2010 WL 2803975 (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

    a. Damages under 15 U.S.C. § 1692k, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
### Violation of 15 U.S.C. § 1692e(2)(A)

41. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

42. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Such

conduct includes, but is not limited to, the false representation of the character, amount, or legal status of any debt. See 15 U.S.C. § 1692e(2)(A).

43. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing that Plaintiff owed a debt, when the Defendant knew or should have known that no debt in fact existed. See e.g., *Owen v. IC System, Inc*., 629 F.3d 1263 (11th Cir. 2011) (for the premise that choosing only to observe a one-time instruction from creditor, and electing all other evidence to the contrary, does not shield debt collector from liability).

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

    a. Damages under 15 U.S.C. § 1692k, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
### Violation of 15 U.S.C. § 1692e(8)

44. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

45. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Such

conduct includes, but is not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false. See 15 U.S.C. § 1692e(8).

46. Defendant violated 15 U.S.C. § 1692e(8) by falsely communicating to one or more credit reporting agencies that Plaintiff owed a debt, even though Defendant knew or should have known that Plaintiff in fact did not owe the debt. See e.g., *Owen v. IC System, Inc.*, 629 F.3d 1263 (11th Cir. 2011) (for the premise that choosing only to observe a one-time instruction from creditor, and electing all other evidence to the contrary, does not shield debt collector from liability).

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

    a. Damages under 15 U.S.C. § 1692k, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
### Violation of 15 U.S.C. § 1692e(10)

47. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

48. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Such conduct includes, but is not limited to, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. See 15 U.S.C. § 1692e(10).

49. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing to the Plaintiff that, despite evidence to the contrary, he nonetheless still owed the alleged debt. See e.g., *Owen v. IC System, Inc.*, 629 F.3d 1263 (11th Cir. 2011) (for the premise that choosing only to observe a one-time instruction from creditor, and electing all other evidence to the contrary, does not shield debt collector from liability).

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

    a. Damages under 15 U.S.C. § 1692k, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
**Violation of 15 U.S.C. § 1692f(1)**

50. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

51. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Such conduct includes, but is not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. See 15 U.S.C. § 1692f(1).

52. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a nonexistent debt, and in so doing, attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law. See e.g., *Owen v. IC System, Inc.*, 629 F.3d 1263 (11th Cir. 2011) (for the premise that choosing only to observe a one-time instruction from creditor, and electing all other evidence to the contrary, does not shield debt collector from liability).

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

    a. Damages under 15 U.S.C. § 1692k, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated: December 17, 2014.

                                          Respectfully submitted,

By:   /s/ Scott D. Owens
        Scott D. Owens, Esq.
        Florida Bar No. 0597651
        3800 S. Ocean Dr., Suite 235
        Hollywood, FL 33019
        Tel   954-589-0588
        Fax   954-337-0666
        scott@scottdowens.com

*Attorney for Plaintiff*